**Joseph Raymond McCOY,**
**Plaintiff—Appellant,**

v.

**Ernest C. ROE, Warden; et al.,**
**Defendants–Appellees.**

No. 11–56238.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Joseph Raymond McCoy, Corcoran, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas S. Patterson, Esquire, Supervisory, California Department of Justice, San Francisco, CA, Jack M. Schuler, Esquire, Schuler and Brown, Van Nuys, CA, for Defendant–Appellee.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Joseph Raymond McCoy, a California state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with the handling of his inmate grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed McCoy's claims arising from defendants' processing of and response to his grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003).

Contrary to McCoy's contention, the district court properly declined to order the U.S. Marshal to serve McCoy's Fourth Amended Complaint because the complaint had not yet been screened under § 1915A to determine whether it stated any cogni-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

zable claims for relief. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**